**Dated: August 27, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br>**ASHER HOMES, LLC,**<br><br>**Debtor.** | **Case No. 25-10067-T**<br>**Chapter 7** |
| **JUSTIN FENGLER and MARISSA FENGLER, Trustees of the Fengler Family Trust,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**ASHER HOMES, LLC,**<br><br>**Defendant.** | **Adv. No. 25-01023-T** |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH PLAINTIFFS' SUBPOENA DUCES TECUM**

Before the Court is Ruhl Properties, LLC's, Daniel Ruhl's, and Ruhl Construction, LLC's Objection and Motion to Quash Plaintiffs' Subpoena Duces Tecum, (the "Motion"),[1] filed by Daniel Ruhl, Ruhl Properties, LLC, and Ruhl Construction, LLC (the "Movants"); and Plaintiffs' Response to Ruhl Properties, LLC, Daniel Ruhl, and Ruhl Construction, LLC's Objection and Motion to Quash Plaintiffs' Subpoena Duces Tecum (the "Response"),[2] filed by Plaintiffs Justine Fengler and Marissa Fengler, Trustees of the Fengler Family Trust (the "Plaintiffs"). The Court held an in-person hearing[3] on the Motion and Response on August 24, 2026 (the "Hearing"), after which the Court took the matter under advisement.

**Background**

According to Plaintiffs, they entered into a real estate purchase and construction contract with Asher Homes, LLC on or about July 21, 2022.[4] However, despite Plaintiffs' partial payment towards the purchase price, Asher Homes, LLC allegedly failed to comply with the terms of the contract by not completing construction of Plaintiffs' home. Daniel Ruhl was the owner and manager of Asher Homes, LLC during these events. Plaintiffs assert that, because Asher Homes, LLC failed to fulfill its contractual obligations, Plaintiffs were forced to complete the construction of their home themselves and incurred significant additional expense in doing so.

On May 28, 2024, Mabrey Bank foreclosed on the property, as Asher Homes, LLC had mortgaged the property to the bank prior to contracting with Plaintiffs. Asher Homes, LLC allegedly failed to apply the funds paid by Plaintiffs towards the bank's mortgage and thus could

---

[1] ECF No. 20.
[2] ECF No. 21.
[3] The Court notes that Plaintiffs' counsel failed to appear at the Hearing in defense of the subpoena issued on behalf of his clients. As a result, the Court's ability to thoroughly inquire as to certain important issues raised by the Motion and Response was significantly hampered.
[4] ECF No. 1.

not provide clear title to the property to Plaintiffs. Ultimately, Plaintiffs paid the bank on October 7, 2024, to prevent foreclosure on the property, thus incurring further additional damages.

On January 20, 2025, Asher Homes, LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[5] Plaintiffs then filed their Complaint in this adversary proceeding on November 17, 2025, alleging claims of breach of contract, conversion, and fraud.[6] On May 6, 2026, Plaintiffs served Mr. Ruhl with a subpoena duces tecum, primarily seeking banking information for Asher Homes, LLC, as well as non-parties Ruhl Properties, LLC, Daniel Ruhl, Ruhl Construction, LLC, and Precision Property Management, LLC.[7] In the Motion, the Movants request that this Court quash the subpoena pursuant to Federal Rule of Civil Procedure 45.[8]

**Discussion**

A party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[9] Rule 26 "'clearly defines the scope of discovery for all discovery devices,' including subpoenas under Rule 45."[10] As such, subpoenas must comply with the requirements of Rule 26 and "seek information that is relevant to a party's claims or defenses and proportional to the needs of the case."[11] Furthermore, "a court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks

[5] Case No. 25-10067, ECF No. 1.

[6] ECF No. 1.

[7] ECF No. 20-4.

[8] All references to 'Rules' refer to the Federal Rules of Civil Procedure.

[9] Fed. R. Civ. P. 26(b)(1).

[10] *Bruna v. Gates*, No. 20-cv-00628, 2021 WL 6048915, at *2 (N.D. Okla. Aug. 4, 2021) (first quoting 9A Federal Practice & Procedure § 2452 (3d ed.); and then citing *EEOC v. Unit Drilling Co.*, No. 13-CV-147, 2014 WL 130551, at *2 (N.D. Okla. Jan. 13, 2014)). Rule 45 is applicable here pursuant to Federal Rule of Bankruptcy Procedure 9016.

[11] *Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564, 2020 WL 972754, at *2 (N.D. Okla. Feb. 28, 2020) (citations omitted). *See Colby v. Milholland (In re Milholland)*, No. 16-019, 2017 WL 895752, at *4 (10th Cir. BAP Mar. 7, 2017).

irrelevant information under the same standards set forth in Rule 26(b) . . . ."[12] Courts have the inherent authority "to limit irrelevant or non-proportional discovery requests" and/or "quash or modify an unduly burdensome subpoena."[13] "Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'"[14] Additionally, when subpoenas are served on third parties, "their status as non-parties weighs against requiring disclosure."[15] Regardless of whether a subpoena imposes an undue burden, "the court *must* limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[16]

The Court finds that Plaintiffs' subpoena should be quashed. The discovery requested in the subpoena is facially overbroad. Each of the fourteen requests included in Plaintiffs' subpoena uses very broad language, *i.e.*, "*[a]ll* bank account statements" and "*all* correspondence."[17] Courts have routinely disallowed the use of such language for being overly broad.[18] Moreover, the requests are not appropriately limited in temporal scope, as Plaintiffs seek more than four years'

---

[12] *Kona Spring Water Distrib., Ltd. v. World Triathlon Corp.*, No. 8:05-CV-119, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006).

[13] *Copeland*, 2020 WL 972754, at *3 (citations omitted).

[14] *Linlor v. Holman*, No. 24-1001, 2025 WL 238915, at *2 (D. Kan. Jan. 17, 2025) (quoting *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003)).

[15] *Id.*

[16] Fed. R. Civ. P. 26(b)(2)(C)(iii) (emphasis added).

[17] *See* ECF No. 20-4.

[18] *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (affirming district court's finding that party's request for "all documents" was overly broad); *Unit Drilling Co.*, 2014 WL 130551, at *3 (citing *Howard v. Segway*, 2013 WL 869955 (N.D. Okla. Mar. 7, 2013)); *Jaskiewicz v. RLM Underground, LLC*, No. 24-2588, 2025 WL 1809995, at *2 (D. Kan. June 30, 2025).

worth of documentation from various third parties without providing sufficient reasoning justifying said temporal scope.[19] Additionally, several requests appear to be duplicative or repetitive. For instance, Request Nos. 1 through 6 appear to be broader, less particularized versions of Request Nos. 7 through 13. What is more, Plaintiffs have not sufficiently pleaded factual allegations even suggesting a connection between Asher Homes, LLC and Ruhl Properties, LLC, Ruhl Construction, LLC, or Precision Property Management, LLC. Plaintiffs must provide more than the mere assertion in the Response that Daniel Ruhl has "disregarded the distinctions between his various entities" to show the relevancy of the requested discovery.[20] For these reasons, the Court grants the Movants' request to quash Plaintiffs' subpoena as it is facially overbroad.

Furthermore, Plaintiffs appear to seek discovery from the third-party Movants, some of which could be obtained from an actual party to this litigation, Asher Homes, LLC. Rule 34 allows a party to serve on any other party a request within the scope of Rule 26(b) to produce and permit the party to inspect, copy, test, or sample documents or electronically stored information within the responding party's possession, custody, or control.[21] As such, "[i]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness."[22] There is no indication that Plaintiffs previously

---

[19] *See St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, No. 4:15CV517, 2015 WL 9451046, at *2 (E.D. Mo. Dec. 23, 2015) (finding a subpoena requesting four years' worth of documents to be overly broad).

[20] When relevancy is not apparent on the face of the discovery requests, the party seeking discovery has the burden to demonstrate relevancy. *See Johnson ex rel. Johnson v. Olathe Dist. Sch.*, 212 F.R.D. 582, 586 (D. Kan. 2003).

[21] Federal Rule of Civil Procedure 34 is made applicable pursuant to Federal Rule of Bankruptcy Procedure 7034.

[22] 8A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2204 at 365 (2nd ed. 1994). *See Ramey v. Community State Bank, Coffeyville, Kan.*, No. 17-CV-370-JED-JFJ, 2018 WL 11447250, at *1 (N.D. Okla. Aug. 7, 2018) ("[T]he rule permitting subpoenas of documents from nonparties does not permit a party to make an end-run around Federal Rule of Civil Procedure 34."); *Miller v. Legacy Bank*, No. CIV-20-946-D, 2023 WL 5002878, at *1 (W.D. Okla. Aug. 4,

attempted to obtain the requested discovery from Asher Homes, LLC before seeking it from various third-party entities. The Court was unable to verify as much due to Plaintiffs' counsel's absence at the Hearing on this matter. Therefore, the Court also finds it appropriate to quash the subpoena based on Plaintiffs' failure to comply with Rule 34.

While the Court finds it necessary to quash Plaintiffs' subpoena for the reasons discussed above, it declines to grant the Movants' request for sanctions pursuant to Rule 45. According to Rule 45(d)(1),

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

"Although Rule 45(d)(1) mandates an 'appropriate sanction' for violation thereof, it does not mandate an award of all of the subpoenaed person's attorney's fees."[23] Rather, the court may exercise broad discretion in determining an appropriate sanction under Rule 45(d)(1).[24] In fashioning appropriate sanctions, a court must consider that "[t]he scope of permissible sanctions under Rule 45([d])(1) should not be so broad as to chill or deter the vigorous advocacy on which our civil justice system depends."[25] Furthermore, the party challenging the subpoena has the

---

2023) ("It is apparent that, by serving the subpoena at issue, Plaintiff is attempting to circumvent the ordinary strictures of discovery.").

[23] *Electro-Mech. Prods., Inc. v. Alan Lupton Assocs., Inc.*, 1:22-cv-00763, 2025 WL 51205, at *7 (D. Colo. Jan. 8, 2025) (citing *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1554 (10th Cir. 1996)).

[24] *See Profita v. Puckett*, No. 15-cv-01237, 2017 WL 1491003, at *29 (D. Colo. Apr. 25, 2017), *report and recommendation adopted*, 2017 WL 4225451 (D. Colo. June 6, 2017).

[25] *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429-30 (9th Cir. 2012).

burden to show that it imposes an undue burden or expense and must do so through "evidence or affidavits to show the nature and extent of the burden."[26]

The Court finds the Movants are not entitled to sanctions under Rule 45(d)(1). The Movants have not provided any evidence showing compliance with Plaintiffs' subpoena imposes an undue burden or expense, nor have they demonstrated that defending against said subpoena caused them to sustain an undue burden or expense. Rather, the Movants merely rely on bare assertions that such a burden exists.[27] Thus, the Court finds that sanctions pursuant to Rule 45(d)(1) are not warranted under the present circumstances.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Ruhl Properties, LLC's, Daniel Ruhl's, and Ruhl Construction, LLC's Objection and Motion to Quash Plaintiffs' Subpoena Duces Tecum, at ECF No. 20, is hereby GRANTED IN PART and DENIED IN PART. The subpoena issued by Plaintiffs to Daniel Ruhl is hereby QUASHED. Furthermore, Ruhl Properties, LLC, Daniel Ruhl, and Ruhl Construction, LLC's request for sanctions pursuant to Federal Rule of Civil Procedure 45 is hereby DENIED.

---

[26] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 950282, at *4 (D. Kan. Mar. 26, 2007) (first citing *Cont'l Ill. Nati'l Bank & Trust Co. of Chi. v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991); and then *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005)). *See W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, No. 11-cv-01611, 2014 WL 1257762, at *23 (D. Colo. Mar. 27, 2014).

[27] *Heartland Surgical Specialty Hosp., LLC*, 2007 WL 950282, at *4.